# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

    Plaintiff,

vs.                               No. CV 18-01221 MV/KRS

LEA COUNTY BORAD OF COMMISSIONERS, et al.,

    Defendants.

## ORDER ON PENDING MOTIONS

THIS MATTER is before the Court on the Motion to Add 5th Judicial District Court Clerk, III, Jenifer Salcido as a Named Defendant (Doc. 12), Plaintiff's Motion for Appointment of Counsel (Doc. 13), and Plaintiff's Motion to Assert "Fact of Harm" (Doc. 15) filed by Plaintiff Benjamin W. Fawley. The Court will grant the Motion to Add 5th Judicial District Court Clerk, will deny the Motion for Appointment of Counsel, and will deny Plaintiff's Motion to Assert "Fact of Harm" as premature and without prejudice.

**1. Motion to Add 5th Judicial District Court Clerk, III, Jenifer Salcido, as a Named Defendant (Doc. 12):** In his Civil Rights Complaint, Plaintiff Fawley named "Jane Doe" as a Defendant. (Doc. 1 at 1). Fawley's Motion to Add 5th Judicial District Court Clerk seeks to amend the Complaint to substitute 5th Judicial District Court Clerk, III, Jenifer Salcido, as a named defendant in place of Jane Doe. Under Fed. R. Civ. 15(a)(1), Plaintiff Fawley may amend his Complaint once as a matter of right. Therefore, the Court will grant Fawley's Motion and will substitute the 5th Judicial District Court Clerk, III, Jenifer Salcido as a named defendant in place of Jane Doe (Doc. 12).

**2. Plaintiff's Motion for Appointment of Counsel (Doc. 13):** In his Motion for Appointment of Counsel, Plaintiff Fawley asks the Court to appoint counsel to represent him in this civil rights proceeding. (Doc. 13). There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir.2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the Motion for Appointment of Counsel. (Doc. 13).

**3. Plaintiff's Motion to Assert "Fact of Harm" (Doc. 15):** Plaintiff's Motion to Assert "Fact of Harm" requests leave to submit attachments to the Court to establish Plaintiff's claim that he has been harmed by actions of the Defendants. (Doc. 15 at 1-5). Because Plaintiff is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A. Whenever a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Section 1915A states:

> "The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in
> which a prisoner seeks redress from a governmental entity or officer
> or employee of a governmental entity."
> . . .
> On review, the court shall identify cognizable claims or dismiss the

complaint, or any portion of the complaint, if the complaint—
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b). Requests for service of process, discovery, and submissions of proof are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). If Plaintiff's Complaint is not dismissed on initial screening, the Court will enter further orders governing submissions of proof in support of Plaintiff's claims. The Court will deny the Plaintiff's Motion to Assert "Fact of Harm" as premature and without prejudice to submission by Plaintiff of the attachments at a later time.

IT IS ORDERED:

(1) Plaintiff Benjamin W. Fawley's Motion to Add 5th Judicial District Court Clerk, III, Jenifer Salcido, as a Named Defendant (Doc. 12) is **GRANTED** and 5th Judicial District Court Clerk, III, Jenifer Salcido, is substituted as a named defendant in place of "Jane Doe";

(2) Plaintiff's Motion for Appointment of Counsel (Doc. 13) is **DENIED**; and

(3) Plaintiff's Motion to Assert "Fact of Harm" (Doc. 15) is **DENIED** as premature and without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE