IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

      Plaintiff,

vs.                                                           No. CV 18-01221 MV/KRS

LEA COUNTY BORAD OF COMMISSIONERS,
DANIELLE ROMERO, COURT CLERK II,
SANDY BODLE, JUDICIAL SUPERVISOR SPECIALIST,
JENIFER SALCIDO, 5th JUDICIAL DISTRICT COURT
CLERK III,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Complaint for Violation of Civil Rights ("Complaint") filed by Plaintiff Benjamin W. Fawley [Doc. 1]. The Court will dismiss the Complaint for failure to state a claim for relief and will grant Fawley leave to file an amended complaint within 60 days after entry of this Memorandum Opinion and Order.

### BACKGROUND

Fawley commenced a case in the Fifth Judicial District, New Mexico State Court, captioned cause no. D-506-CV-2017-00989. As a result of what he alleges were fraudulent statements made by clerks of the state court regarding service of process and their refusal to issue process, his case was dismissed for lack of prosecution on August 10, 2018. *Id.* at 3-4. Thereafter, Fawley filed a motion to reinstate the case, which the state court granted. As a result, his case was reinstated, and the state court ordered service of process on Defendants on November 6, 2018. On

1

December 6, 2018, Defendants removed the case to this Court. *See* CV 18-01139 WJ/SCY, Doc. 1 at 1-2 and 1-1 at 1-6.

Fawley's case was docketed in this Court as case no. CV 18-01139 WJ/SCY. On February 25, 2020, the Court dismissed case no. CV 18-01139 without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based on Plaintiff's failure to comply with Court orders and rules. *See* CV 18-01139, Doc. 73, 74. The United States Court of Appeals for the Tenth Circuit affirmed the dismissal, CV 18-01139, Doc. 100, and the United States Supreme Court declined certiorari review. CV 18-01139, Doc. 104.

While that case was still pending, Fawley commenced the instant case in this Court. In his Complaint in this case, Fawley claims that the acts of state court clerks in his original case violated his right of access to the courts and his rights to due process and equal protection under the United States Constitution. Doc. 1. Plaintiff Fawley seeks declaratory and injunctive relief, $400,000 in compensatory damages, and $400,000 in punitive damages. (Doc. 1 at 7-8). The Complaint names as Defendants the Lea County Board of Commissioners ("Lea County") in addition to three New Mexico state court officials: Danielle Romero, Court Clerk II; Sandy Bodle (or possibly Lodle), Judicial Specialist Supervisor; and Jenifer Salcido, Fifth Judicial District Court Clerk III (hereinafter referred to as the "Individual Defendants").

**STANDARD**

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all prisoner complaints that raise claims against government actors. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A. The Court also may dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff]

an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . or . . . unfamiliarity with pleading requirements." *Id.* Moreover, if a *pro se* inmate complaint fails to state a claim on initial screening, courts should generally grant leave to amend unless amendment would be futile. *Id.*

## DISCUSSION

Plaintiff's constitutional claims are analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There also must be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

*Claims Against Lea County*

Where a local governmental body, such as Lea County, is named as a defendant in a § 1983 case, it cannot be held liable for the unconstitutional conduct of its employees under a theory of *respondeat superior. Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978); *Brammer–Hoelter v. Twin Peaks Charter Academy,* 602 F.3d 1175, 1188 (10th Cir. 2010) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986)). Rather, a claim of municipal liability can be made against Lea County only if the allegedly unconstitutional conduct was undertaken by individuals carrying out a policy or custom established by the County, and there is a direct causal link between the policy or custom and the injury alleged. *Bryson v. City of Okla. City,* 627 F.3d 784, 788 (10th Cir. 2010) (citing *Hinton v. City of Elwood,* 997 F.2d 774, 782 (10th Cir. 1993) (internal citation omitted)).

Here, the Complaint fails to allege any unconstitutional conduct undertaken by individuals carrying out a policy or custom established by Lea County, or any direct causal link between a policy or custom of Lea County and the injuries that Fawley allegedly suffered. The allegations in the Complaint thus are insufficient to state a § 1983 claim of municipal liability against Lea County.

*Claims for Monetary Damages Against the Individual Defendants*

"Except where a judge has acted 'in the clear absence of all jurisdiction,' the doctrine of judicial immunity shields that judge from liability for the judge's official adjudicative acts." *Lundahl v. Zimmer,* 296 F.3d 936, 939 (10th Cir. 2002) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000) (citation omitted). Because "immunity is

4

justified and defined by the functions it protects and serves, not by the person to whom it attaches, . . . immunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved." *Id.* (citation omitted). "Thus, absolute judicial immunity has been extended to non-judicial officers where their duties had an integral relationship with the judicial process." *Id.* "[N]on-judicial officers performing discretionary judicial acts," as well as "those performing ministerial acts at the direction of a judge," are entitled to judicial immunity. *Id.* at 868.

Under this authority, the Individual Defendants are entitled to judicial immunity. Fawley claims that the Individual Defendants, in their capacity as state court clerks, made false statements and failed to issue process in his original case when it was still in the state court. The issuance of a summons, however, undoubtedly has an integral relationship with the judicial process, and thus entitles a court clerk charged with such a task to judicial immunity. *See Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir. 1989) ("[T]he filing of complaints and other documents is an integral part of the judicial process and [thus] Scott would be protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks."); *see also Mullis v. United States Bankr. Court,* 828 F.2d 1385, 1390 (9th Cir. 1987) (bankruptcy clerks' actions are related to an integral part of the judicial process and they are entitled to absolute quasi-judicial immunity for refusing to accept an amended complaint); *Eades v. Sterlinske,* 810 F.2d 723, 726 (7th Cir. 1987) (a judge's clerk, who prepared a false certificate and altered the docket, was exercising discretion and performing duties integral to the judicial process, and thus is entitled to absolute immunity). Indeed, to hold otherwise would have a chilling effect on the performance of duties integral to the judicial process. Because the Complaint alleges misconduct by the Individual Defendants in the course of official clerk duties integral to the judicial process and does

not allege facts that, if proven, would demonstrate that the Individual Defendants acted in the clear absence of all jurisdiction, the Individual Defendants are entitled to judicial immunity on Fawley's claims, to the extent that he seeks monetary damages on those claims.[1]

*Right of Access Claims*

Fawley contends that Lea County and the Individual Defendants violated his constitutional right of access to the courts. Doc. 1 at 3. The right of access to the courts implicates the First Amendment, the Fifth Amendment, and the Due Process Clause. *See Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990); *Love v. Summit County*, 776 F.2d 908, 912 (10th Cir. 1985) (same). An inmate must receive "a reasonably adequate opportunity to present claim[s] . . . to the courts." *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). The right focuses on the "conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (a § 1983 plaintiff must demonstrate that he was effectively "shut out of court"). The constitution does not require government officials "to supply legal assistance beyond the preparation of initial pleadings," *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995), nor does it guarantee that inmates can "*litigate effectively* once in court." *Lewis*, 518 U.S. at 354 (emphasis in original). However, the state "may not erect barriers that impede the right of access of incarcerated persons." *Carper*, 54 F.3d at 617. Importantly, to adequately state a court access claim, a plaintiff must allege that he experienced *actual injury* to his ability to prosecute his case because of the alleged misconduct. *Lewis*, 518 U.S. at 349.

---

[1]Note that while judicial immunity bars courts from providing monetary damages, it does not bar courts from providing equitable relief. *Blauch v. City of Westminster, Colorado*, No. 20-CV-00431-LTB-GPG, 2020 WL 7350438, at *4 (D. Colo. Aug. 19, 2020), *report and recommendation adopted,* No. 20-CV-00431-LTB-GPG, 2020 WL 7350437 (D. Colo. Oct. 20, 2020), *aff'd*, No. 20-1430, 2021 WL 2449821 (10th Cir. June 16, 2021).

Here, Fawley has alleged no such actual injury. Fawley claims that, because of the false statements and actions of the Individual Defendants, his original case was dismissed. While it is true that his original case was dismissed for failure to prosecute, the state court granted his motion to reinstate his case. Accordingly, the alleged misconduct of the Individual Defendants did not cause him any actual injury, as his case proceeded after the initial dismissal. Indeed, none of the alleged misconduct of the Individual Defendants had any effect on Fawley's original case once it was removed to this Court. After removal, this Court dismissed that case for failure to comply with Court rules and orders – a dismissal wholly unrelated to and certainly not caused by any actions of the Individual Defendants. Because Fawley has failed to allege that he suffered actual injury as result of the alleged misconduct of the Individual Defendants, he has equally failed to state a right of access claim.

*Due Process and Equal Protection Claims*

Fawley also alleges that Lea County and the Individual Defendants violated his rights to due process and equal protection under the Fourteenth Amendment. The allegations in the Complaint, however, are insufficient to state either a due process or an equal protection claim.

*Due Process*

"Procedural due process ensures that individuals are entitled to certain procedural safeguards before a state can deprive them of life, liberty, or property." *Becker,* 494 F.3d 904, 918 n. 8 (2007) (citation omitted). "Where procedural due process must be afforded because a 'liberty' or 'property' interest is within the Fourteenth Amendment's protection, there must be determined 'what process is due' in the particular circumstance." *Smith v. Org. of Foster Families for Equal. & Reform,* 431 U.S. 816, 847 (1977). "The fundamental requirement of due process is the

7

opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) (citation omitted).  Relevant here, in the specific context of a right of access claim, the "process due" is a "reasonably adequate opportunity" to present legal claims. *Bounds*, 430 U.S. at 825.

The allegations in the Complaint, if proven, would fail to show that the misconduct of the Individual Defendants deprived Fawley of a reasonably adequate opportunity to present his legal claims. To the contrary, as noted above, although his original case was dismissed for failure to prosecute, the state court granted his motion to reinstate his case.  Accordingly, Fawley had the opportunity to proceed with his claims, and nothing in the Complaint suggests that this opportunity was unreasonable or inadequate.

*Equal Protection*

The Equal Protection Clause requires that no state deny any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV. An equal protection violation occurs when the government treats someone differently than another who is similarly situated.  *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).  Here, while Fawley asserts that Defendants violated his equal protection rights, his Complaint contains no allegations stating that (or how) he was treated differently from other persons who are similarly situated to him.  Because he fails to allege that he was treated differently from a similarly situated person, his Complaint fails to state claim under the Equal Protection Clause.

*Leave to Amend*

Having determined that the allegations fail to state a claim on which relief may be granted, the Court will dismiss the Complaint.  The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of

federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the dismissal will be without prejudice, and Plaintiff may file an amended complaint within sixty (60) days of entry of this Order.

When drafting an amended complaint, Fawley should be mindful of the insufficiencies discussed above. Further, as to the Individual Defendants, Fawley should be sure to include allegations making clear how each individual was personally involved in the alleged constitutional violations. Fawley is also advised that, to recover from Lea County, the Complaint must allege that Lea County promulgated a policy or custom that caused the constitutional violations. Conclusory allegations on that point are typically insufficient to establish municipal liability. If Plaintiff declines to timely file an amended complaint or files another complaint that fails to state a cognizable claim, the Court may dismiss this action with prejudice and without further notice.

**IT IS ORDERED** that the Complaint for Violation of Civil Rights filed by Plaintiff Benjamin W. Fawley [Doc. 1] is **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915A; and Plaintiff may file an amended complaint **within sixty (60) days** of entry of this Order.

_____
MARTHA VAZQUEZ
United States District Judge