IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

  Plaintiff,

vs.               No. CV 18-01221 MV/KRS

LEA COUNTY BORAD OF COMMISSIONERS,
DANIELLE ROMERO, COURT CLERK II,
SANDY BODLE, JUDICIAL SUPERVISOR SPECIALIST,
JENIFER SALCIDO, 5TH JUDICIAL DISTRICT COURT
CLERK III,

  Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION ASKING THE COURT TO RECONSIDER

THIS MATTER is before the Court on the Motion Asking the Court to Reconsider Dismissal Due to Court's Errors (Doc. 21), filed by Plaintiff Benjamin Fawley. The Court will deny the Motion and order Plaintiff to file an amended complaint within 30 days after entry of this Memorandum Opinion and Order.

On September 9, 2021, this Court entered its Memorandum Opinion and Order (the "Order") detailing several pleading deficiencies in Plaintiff's Complaint and granting Plaintiff leave to file an amended complaint within 60 days. Doc. 20. Rather than filing an amended complaint, Plaintiff filed his Motion and a supporting brief asking the Court to reconsider its dismissal of the Complaint. Doc. 21, 22.

The Court's dismissal of Plaintiff's Complaint was with leave to amend. Doc. 20 at 11-12. As such, the Order was not a final decision disposing of the entire action and, indeed, no final judgment has been entered in this case. *Trotter v. Regents of Univ. of N.M.,* 219 F.3d 1179, 1182–

83 (10th Cir. 2000) ("The order granted Trotter express leave to file a motion to amend her complaint within ten days from entry of the order. This order clearly shows that the district court did not consider its ... order to be a final order disposing of the entire action."); *Hunt v. Hopkins,* 266 F.3d 934, 936 (8th Cir. 2001) ("[W]hen a district court grants a plaintiff leave to amend his pleading, the court signals that the action has not been fully and finally adjudicated on the merits."). Accordingly, neither Rule 59(e) of the Federal Rules of Civil Procedure, which governs altering or amending a judgment, nor Rule 60(b) of the Federal Rules of Civil Procedure, which governs setting aside a final order, provides any vehicle for relief in this case.

Assuming *arguendo* that Plaintiff could properly seek reconsideration of the Order, because Plaintiff filed his motion within 28 days after entry thereof, Plaintiff's motion would be considered a Rule 59(e) request for reconsideration. Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but it is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff's Motion and supporting brief essentially make the same arguments for relief that he set out in his original Complaint. To the extent that he seeks to make the same arguments, his request for reconsideration does not afford him a basis for relief. Nor does he assert any intervening change in the controlling law or newly discovered evidence. Therefore, the only basis for relief available to Plaintiff is the need to correct clear error.

Plaintiff seeks reconsideration on the grounds that the Court made an error in the background facts. Plaintiff clams that the Court incorrectly assumed that Plaintiff's claims are based on New Mexico State case no. D-506-cv-2017-989, when, instead, they are based on an unfiled state habeas corpus proceeding. (Doc. 21 at 1-2). The Court notes that Plaintiff's Complaint specifically references New Mexico state case no. D-506-CV-2017-989 several times. (Doc. 1 at 3). Based on Plaintiff's own allegations, there is no clear error by the Court.

Even if the Court were incorrect in its understanding of which court proceeding Plaintiff was using as a basis for his claims, that mistake does not alter the deficiencies in his pleading as set out in the Order. The basis for the Court's interlocutory dismissal remains the same, regardless of whether Plaintiff's claims are based on case no. D-506-CV-2017-989 or some other unidentified state habeas corpus proceeding. If Plaintiff believes that the Court has made a mistake, he has been granted leave to amend to remedy the pleading deficiencies in his Complaint and may also use that opportunity to correct any factual misunderstanding.

IT IS ORDERED that Plaintiff's Motion Asking the Court to Reconsider Dismissal Due Court's Error (Doc. 21) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff is granted an additional 30 days from the date of entry of this Memorandum Opinion and Order to file an amended complaint in this case.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE