IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W FAWLEY,

    Plaintiff,

v.                                                                                        No. 18-cv-1221-MV-KRS

LEA COUNTY BOARD OF
COMMISSIONERS, DANIELLE
ROMERO, ct. clerk, II, SANDY BODLE,
judicial supervisor specialist, JENIFER
SALCEDO, 5th judicial dist. ct. clerk, III.,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    Plaintiff is incarcerated and appears *pro se.* His original complaint (Doc. 1) was dismissed without prejudice for failure to state a claim. (Doc. 20). The Court granted leave to amend and provided instructions on how to survive initial review. (Id.). Plaintiff's Amended Complaint (Doc. 24) is now before the Court. Plaintiff alleges that Defendants violated his fundamental right of court access by refusing to file his state habeas petition and a New Mexico Tort Claims Act Complaint. (Doc. 24 at 1-2). This, Plaintiff alleges, delayed his filing of both actions, and deprived him of his Fourteenth Amendment right to equal protection. (Id. at 3-5). Having considered the Amended Complaint, the record in this and related cases, and the relevant law, the Court finds that the Amended Complaint does not state a claim upon which relief can be granted and must be dismissed.

I.      Background[1]

In the Amended Complaint, Plaintiff alleges that he was deprived of his right of access to the courts when court clerks (apparently referring to Danielle Romero, Jenifer Salcedo, and Sandy Bodle,[2] or some combination of them) refused to file a petition for a writ of habeas corpus and a New Mexico Tort Claims Act complaint. (Doc. 24 at 1). Ultimately, Plaintiff filed both. (Doc. 24 at 3, 5). The complaint was filed in this Court as *Fawley v. Lea County Correctional Facility*, U.S.D.C. Case No. 19-cv-79-DHU-JFR. (Doc. 24 at 5). As amended, the complaint survived screening and now is pending resolution on a full record and after a *Martinez* investigation. *Id.* at Doc. 25. As to the state habeas petition, Plaintiff alleges that it was filed, but the Court cannot discern when. (Doc. 24 at 3). Nevertheless, based on the date that Plaintiff filed the present case and from the state court records, it appears that the habeas petition was filed on September 20, 2019, or March 22, 2021. *See Fawley v. Tafoya-Lucero*, N.M. 5th Judicial District Court, Case No. D-506-cv-2019-1665 (Petition for a Writ of Habeas Corpus filed September 20, 2019); *Fawley v. Tafoya-Lucero*, N.M. First Judicial District Court, Case No. D-101-cv-2021-721 (Petition for a Writ of Habeas Corpus filed March 22, 2021). The state habeas petitions were denied on the merits. *See* D-506-cv-2019-1665, 12/13/2019 Order; D-101-cv-2021-721 11/08/2021 Order.

I.      Standard of Review

Where, as here, a civil rights action is filed by a person who is a prisoner, the Court must screen the complaint under 28 U.S.C. § 1915A. *See Carr v. Zwally*, 760 F. App'x 550, 554 (10th Cir. 2019) (stating § 1915A provides for *sua sponte* review of inmate complaints against

---

[1] The Court takes judicial notice of the docket in this case and in related state and federal cases. *See St. Louis Baptist Temple, Inc., v. Fed. Deposit Ins. Corp.*, 605 F. 2d 1169, 1172 (10th Cir. 1979) (The Court may take notice of "proceedings in other courts, both within and without the federal judicial system, if [they] have a direct relation to matters at issue.").
[2] Hereinafter, collectively called the "Individual Defendants."

2

government officials, even if they are removed from state court). Under § 1915A, the Court must dismiss a prisoner civil action *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As Plaintiff is *pro se*, his "pleadings are . . . construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* If the initial complaint fails to state a claim, courts should generally grant leave to amend unless amendment would be futile. *Id.* Conversely, screening dismissals *with prejudice* are appropriate when the plaintiff amends to cure the original pleading defects but the facts still fail to state a cognizable claim. *See e.g.*, *Jones v. U.S. Marshals Serv.*, 832 F. App'x 572, 573 (10th Cir. 2020) (affirming the trial court's judgment dismissing a plaintiff's amended complaint with prejudice).

II.   Analysis

Plaintiff's claims arise under 42 U.S.C. § 1983, which provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. Section 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. The essential elements of a § 1983 claim are: (1) a right

secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To satisfy the pleading standards, a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *Ashcroft*, 556 U.S. at 676; *McGee v. Lawless*, 524 F. App'x 585, 587 (10th Cir. 2020). There also must be a connection between the official conduct and the Constitutional violation. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006). The complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

To state a viable § 1983 claim against a local governing body, a plaintiff must allege with specificity that conduct undertaken pursuant to an "official policy [or governmental custom] is responsible for a deprivation of rights protected by the constitution." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *see Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188 (10th Cir. 2010) ("[A] local governmental entity . . . cannot be held liable for the acts of its employees on a theory of *respondeat superior*. Rather, it will only be held liable for its own acts—acts it has officially sanctioned or ordered.").

A. <u>Claims Against Lea County</u>

In the Court's September 9, 2021 Memorandum Opinion and Order dismissing Plaintiff's original complaint without prejudice (the "Prior MOO"), the Court found that Plaintiff "fail[ed] to allege any unconstitutional conduct undertaken by individuals carrying out a policy or custom established by Lea County, or any direct causal link between [a county policy or custom] and the" alleged injuries. (Doc. 20 at 4). Though the Court provided an overview of the legal standards

4

applicable to a claim against a local governmental entity and gave Plaintiff an opportunity to amend (Doc. 20 at 4, 9), the amended complaint contains no allegations that a Lea County policy or custom caused the alleged deprivation of rights at issue here. To the extent that the Amended Complaint contains claims directed at Defendant Lea County Board of Commissioners, those claims must be dismissed.

B. <u>Claims Against the Individual Defendants</u>

As set forth in the Prior MOO (Doc. 20 at 4-5), the Individual Defendants—state court employees sued for alleged conduct undertaken in the performance of their official duties—are immune from damages under § 1983. *See Supreme Court of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 734-35 (1980) ("[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities."); *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (Absolute judicial immunity extends to persons performing "judicial acts or activity as an official aid of the judge" and to "non-judicial officers" whose duties are "integral [to] the judicial process."); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) ("[T]he filing of complaints and other documents is an integral part of the judicial process"; court employees are "protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks."). In light of this law and in response to the Prior MOO, Plaintiff no longer seeks monetary damages, only equitable relief. *See* (Doc. 20 at 6 n.1 (stating that "while judicial immunity bars courts from providing monetary damages, it does not bar . . . equitable relief")); (Doc. 24 at 6 (seeking relief from the court in the form of "address[ing]" the alleged deprivation of Plaintiff's constitutional rights by "court clerks")). But while injunctive relief *may* be available against judicial officers under § 1983, it is under extremely limited circumstances.

5

Injunctive relief against a judicial officer or court employee is available only where "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (injunctive relief against a state judicial officer is only available when the plaintiff can show that one of the two conditions stated in § 1983 is satisfied); *Whitesel*, 222 F.3d at 867 (judicial immunity applies to court employees performing ministerial tasks). "[I]n the true legal sense[,]" declaratory relief "define[s] the legal rights and obligations of the parties in anticipation of some future conduct, [rather than] simply . . . proclaim[ing] liability for a past act." *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008). As the allegations in the Amended Complaint do not show that the Individual Defendants violated a declaratory decree or that declaratory relief was unavailable to Plaintiff, the claims against the Individual Defendants are not actionable under § 1983. They must be dismissed accordingly.

Even if it were otherwise, *i.e.,* if the Individual Defendants were *not* protected by judicial immunity, the Court could not provide the equitable or injunctive relief that Plaintiff seeks. First, it is well established that the federal court has "no authority to issue . . . a writ to direct state courts or their judicial officers in the performance of their duties." *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986); *Knox*, 632 F.3d at 1292 (same); *see also Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992) ("Federal courts have no authority to issue a writ of mandamus to a state judge"), *superseded on other grounds* by 42 U.S.C. § 1983. Thus, to the extent that Plaintiff's prayer for relief seeking that the Court "address" or somehow prohibit or correct the alleged conduct of the Individual Defendants who allegedly refused to file Plaintiff's complaint and habeas petition, the Court has no authority to do so. The proper forum for seeking such relief, through a

writ of mandamus or otherwise, is the state court system.[3]

Secondly, and as an independent reason mandating dismissal of the Amended Complaint, the allegations, if proven, would not demonstrate a deprivation of the right of court access or equal protection. As Plaintiff was counseled in the Prior MOO, "to adequately state a court access claim, a plaintiff must allege that he experienced actual injury to his ability to prosecute his case because of the alleged misconduct." (Doc. 20 at 6); *see Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Rueb v. Brown*, 504 F. App'x 720, 723 (10th Cir. 2012) ("In order to support a claim for denial of access to the courts, a prisoner must demonstrate actual injury from interference with his access to the courts[.]"). Consistent with the Prior MOO, Plaintiff's Amended Complaint contains allegations of "actual harm" arising from the alleged deprivation of court access, namely a delay in filing his pleadings and in presenting the issues to the courts. (Doc. 24 at 3, 4). The Tenth Circuit has held, however, that a delay in presenting a claim is not an "actual injury" for the purpose of a § 1983 access to courts claim unless the delay "caused the complaint to fall outside the statute of limitations or otherwise affected the [viability of the] lawsuit." *Rueb*, 504 F. App'x at 723; *Purkey v. Green*, 28 F. App'x 736, 742 (10th Cir. 2001) (holding that temporary delay that is not "fatal[]" to the claims at issue does not satisfy the "actual injury" requirement); *see also, e.g., Johnson v. Barczak*, 338 F.3d 771, 773 (7th Cir. 2003) ("[A] delay becomes an injury only if it results in actual substantial prejudice to specific litigation."). Here, Plaintiff does not allege that the delay was fatal to any of his claims. Indeed, the state docket reflects that Plaintiff's state habeas claims were addressed on the merits. The complaint originally styled as a New Mexico Tort Claims Act complaint will be addressed on the merits in Plaintiff's pending case, *Fawley*, USDC Case No. 19-

---

[3] The state docket reflects that Plaintiff has in fact filed petitions for a writ of mandamus in the New Mexico Supreme Court, which is the mechanism through which these issues may be raised.

cv-79-DHU-JFR. (Doc. 24 at 5).

The allegations in the Amended Complaint are also insufficient to state an equal protection claim. Plaintiff was counseled in the Prior MOO that "[a]n equal protection violation occurs when the government treats someone differently than another who is similarly situated." (Doc. 20 at 8); *see Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Plaintiff contends that his right to equal protection of the laws was violated because clerks refused to file his pleadings. (Doc. 24 at 4). But, as in the original complaint, there are no allegations in the Amended Complaint showing "that (or how) [Plaintiff] was treated differently from a similarly situated person." (Doc. 20 at 8; see generally Doc. 24). On this additional/alternative ground, Plaintiff's equal protection claim must be dismissed.

C. Conclusion

After dismissing his original complaint without prejudice, the Court granted Plaintiff an opportunity to file an amended complaint. He did so. For the reasons stated herein, however, the Amended Complaint does not state a claim upon which relief can be granted and must be dismissed.

IT IS ORDERED that the Amended Complaint (Doc. 24) is DISMISSED with prejudice. The Court will enter a separate judgment closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE